UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **Sarah Grant,** on behalf of herself and all other persons similarly situated, known and unknown, | No. |
| Plaintiffs, | |
| vs. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| **Hard Rock Café Int'l USA, Inc.** | |
| Defendant. | |

Plaintiff, Sarah Grant ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers and bartenders of Defendant's ("Collective Members") and by and through the undersigned attorney(s), sues the Defendant, Hard Rock Café Int'l USA, Inc. ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      This lawsuit also includes Nevada State Law Claims Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250; Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016; Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; and Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050;

3.      Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

1

4.      Plaintiff brings this action on behalf of herself and all similarly-situated current and former servers of Defendant's who were compensated at a rate of less than the applicable Nevada and federal minimum wage on account of receiving tips in a given workweek.

5.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

6.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of the Nevada law.

7.      Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers, current and former, of Defendant.   Members of the Collective Action are referred to as the "Collective Members."

8.      Additionally, Defendant's failed to compensate Plaintiff and all other non-exempt servers and/or bartenders in accordance with Nevada law. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Nevada wage laws.  Members of the Rule 23 Class Action are referred to as the "Class Action Members."

9.      The Collective Members are all current and former servers and bartenders who were employed by Defendant during the relevant time period.

10.     The Class Action Members are all current and former servers and/or bartenders who were employed by Defendant in Nevada at any time during the relevant time period.

2

11.     Defendant owns and operates a chain of Hard Rock Café restaurants which are the subject of this lawsuit.

12.     Plaintiff was subject to the complained-of tip pool and unlawful tip confiscation by management in that a portion of her tips was regularly and routinely and unlawfully withheld by Defendant, and shared with management, as alleged herein.

13.     Defendant violated the FLSA and Nevada law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time worked in one or more individual workweeks.

14.     Defendant violated the FLSA and Nevada law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time in any given workweek.

15.     The FLSA and Nevada law require that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

16.     The FLSA and Nevada Law specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(i) because Defendant is a Delaware corporation organized under the laws of the state of Delaware.

## PARTIES

19.     Plaintiff was employed as a server and bartender at Defendant's Las Vegas, Nevada location during the relevant time period.

20.     At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA.

21.     Defendant employed Plaintiff and she performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

22.     At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

23.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

24.     At all material times, Defendant Hard Rock was a corporation duly licensed to transact business in the State of Nevada.

25.     Defendant Hard Rock does business, has offices, and/or maintains agents for the transaction of its customary business in this district.

26.     Defendant Hard Rock was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

27.     Under the FLSA, Hard Rock is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Hard Rock had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant.  Having acted in the interest of Hard Rock in relation to the company's employees, including Plaintiff, Defendant Hard Rock is subject to liability under the FLSA.

28.     At all material times, Defendant was Plaintiff's, Collective Members', and the Class Members' "employer," as defined by 820 ILCS 105/3 (c).

## DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"

29.     Defendant owns and operates a chain of Hard Rock Cafe restaurants.

30.     At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant has performed related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Hard Rock Café restaurants.

31.     Defendant is engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Hard Rock restaurants.

32.    Defendant runs each Hard Rock restaurant identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

33.    Defendant shares employees between restaurant locations.

34.    Defendant shares common management between restaurant locations. The Hard Rock restaurants share common human resources and payroll services.

35.    Defendant uses the trade name "Hard Rock Cafe" at all of its restaurant locations.

36.    Defendant's restaurants are advertised on the same website.

37.    Defendant provides the same array of products and services to its customers at its Hard Rock restaurant locations.

38.    This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

39.    Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

40.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41.    Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

42.    Defendant paid Plaintiff, the Collective Members, and the Class Action Members an hourly wage. These servers and bartenders also received gratuities or tips from customers. These servers and bartenders who received such gratuities and tips will be referenced as "tipped employees."

43.    At all times relevant to this action, Plaintiff and similarly situated Tipped

Employees were required by Defendant to share a percentage or portion of their tips with management.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

44.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

45.     Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

46.     Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant in the job position of server and/or bartender and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

47.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

48.     Upon information and belief, Defendant has employed hundreds of tipped employees during the period relevant to this action.

49.     The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

50.     Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

51.     Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## NEVADA CLASS ACTION ALLEGATIONS

52.     The **NEVADA CLASS** is defined as all current and former servers and bartenders who worked for Defendant in Nevada during the relevant **time period**.  The NEVADA CLASS is further divided into the following sub-class:

> **WAGES DUE AND OWING SUB-CLASS**: All members of the NEVADA CLASS who, at any time during the Class Period, were terminated or otherwise separated from employment.

53.     Numerosity.  The number of Nevada Class Action and Sub-Class (Collectively "Class Action") Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendant's records, as will the

compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Action Members and Defendant.

54.     Typicality. Plaintiff's claims are typical of the Class Action Members because like the Class Action Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Class Action Members. Defendant regularly failed to compensate Plaintiff and the Class Action Members the proper overtime rate. This was done by paying an overtime rate of one and one-half times the tipped minimum wage, rather than multiplying the full applicable minimum wage by one and one-half times and then subtracting the tip credit. As a result, Defendant failed to pay Plaintiff and the Class Action Members both minimum wage and overtime for hours worked.

55.     As a result of such policy and practice by Defendant, Defendant violated Nevada Law.

56.     Adequacy. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Action Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Nevada law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Action Members she seeks to represent.

57.     Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

   a.     Whether Defendant failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked;

58. Common issues of law include, but are not limited to:

    a.  Whether Defendant properly paid all minimum wages due and owing to Plaintiff and the Class Action Members;

    b.  Whether Defendant properly paid all overtime wages due and owing to Plaintiff and the Class Action Members;

    c.  Whether Defendant was entitled to impose a tip credit on the wages of Plaintiff and the Class Action Members;

    d.  Whether Plaintiff and the Class Action Members are entitled to compensatory damages;

    e.  The proper measure of damages sustained by Plaintiff and the Class Action Members; and

    f.  Whether Defendant's actions were "willful."

59.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

60.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.

Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendant's records.

61.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendant to prove it properly imposed the tip credit upon its employees.

62.     Ultimately, a class action is a superior forum to resolve the Nevada state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Action Members according to applicable Nevada laws.

### COUNT ONE:
### ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE
### REQUIRED LABOR WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND
### IS NOT IN DIRECT SUPPORT OF TIP PRODUCING WORK UNDER THE FLSA

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor *unrelated* to their tipped occupations and not in direct support of tip-producing work, including but not limited to one or more of the following tasks: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank;

cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-go cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

65.     Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

66.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Sarah Grant, on behalf of herself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members'

favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO**
**ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE**
**EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING**
**WORK IN VIOLATION OF THE FLSA**

67.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.    Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Collective members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

69.    Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage

requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

70.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Sarah Grant, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT THREE**
**ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA,**
**29 U.S.C. §207**

71.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

72.     29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

73.     By failing to compensate Plaintiff and FLSA CLASS Members for time spent engaging in pre-shift and post-shift activities, Defendant failed to pay Plaintiff and FLSA

CLASS Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

**WHEREFORE**, Plaintiff demands for herself and for all others similarly situated, that Defendant pay Plaintiff and FLSA CLASS Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

<u>**COUNT FOUR**</u>
**(ON BEHALF OF PLAINTIFF AND THE NEVADA CLASS)**
**REQUIRED WORK WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP-PRODUCING WORK**

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Plaintiff and the Class Action Members were non-exempt employees entitled to statutorily mandated minimum and overtime wages.

76.     Defendant violated Nevada law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendant, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to one or more of the following tasks: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the

Case 1:24-cv-00072-MN   Document 1   Filed 01/18/24   Page 16 of 26 PageID #: 16


soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

77.    Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of Nevada's minimum wage and overtime requirements during Plaintiff's and the Class Action Members' employment. As such, Defendant's conduct constitutes a willful violation of Nevada law.

78.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial and treble damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands for herself and for all NEVADA CLASS Members that Defendant pay Plaintiff and NEVADA CLASS Members their minimum rate of pay for all hours worked (off-the-clock work and unpaid rest break hours) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**COUNT FIVE**
**(ON BEHALF OF PLAINTIFF AND THE NEVADA CLASS)**
**EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING**
**WORK IN VIOLATION OF NEVADA LAW**

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     Plaintiff and the Class Action members were non-exempt employees entitled to the statutorily mandated minimum and overtime wages.

81.     Defendant violated Nevada law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendant, to perform non-tipped labor *related* to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Class Action Members performed such *related* non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Class Action Members at the tip credit rate. Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

82.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate Nevada law and Defendant was aware of Nevada's minimum wage and

overtime requirements during Plaintiff's and the Class Members' employment. As such, Defendant's conduct constitutes a willful violation of the Nevada law.

83.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff demands for herself and for all NEVADA CLASS Members that Defendant pay Plaintiff and NEVADA CLASS Members their minimum rate of pay for all hours worked (off-the-clock work and unpaid rest break hours) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

<u>COUNT SIX</u>
**(ON BEHALF OF PLAINTIFF AND THE NEVADA CLASS)**
**FAILURE TO PAY MINIMUM WAGES PURSUANT TO THE NEVADA**
**CONSTITUTION AND/OR NRS 608.250**

84.    Plaintiff re-alleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

85.    NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit."  Plaintiff has made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

86.    Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage

requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

87. NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

(a) Beginning July 1, 2019:
(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.
(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b) Beginning July 1, 2020:
(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.
(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c) Beginning July 1, 2021:
(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.
(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d) Beginning July 1, 2022:If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.
(2) If the employer does not offer health benefits to the

employee in the manner described in Section 16 of Article 15 of the
Nevada Constitution, $10.50 per hour worked.
    (e)        Beginning July 1, 2023:
            (1) If the employer offers health benefits to the employee
in the manner described in Section 16 of Article 15 of the Nevada
Constitution, $10.25 per hour worked.
            (2) If the employer does not offer health benefits to the
employee in the manner described in Section 16 of Article 15 of the
Nevada Constitution, $11.25 per hour worked.
    (f)        Beginning July 1, 2024:
            (1) If the employer offers health benefits to the employee
in the manner described in Section 16 of Article 15 of the Nevada
constitution, $11.00 per hour worked.
            (2) If the employer does not offer health benefits to the
employee in the manner described in Section 16 of Article 15 of the Nevada
Constitution, $12.00 per hour worked.

88.    By failing to compensate Plaintiff and NEVADA CLASS Members for the time
spent engaging in the pre-shift and post-shift activities identified above, Defendant failed to pay
Plaintiff and NEVADA CLASS Members their minimum wages for all hours worked in violation of
the Nevada Constitution and NRS 608.250.

89.    As a result of Defendant's rest break policy and practice (as set forth above),
Plaintiff and NEVADA CLASS Members were deprived their legally mandated rest breaks and
are thus entitled to recover 10 minutes of rest break wages at the minimum hourly rate of
compensation for every 3.5 hours that they worked.

90.    Wherefore, Plaintiffs demand for themselves and for all NEVADA CLASS
Members that Defendant pay Plaintiffs and NEVADA CLASS Members their minimum rate of
pay for all hours worked (off-the-clock work and unpaid rest break hours) during the relevant
time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**<u>COUNT SEVEN</u>**
**(On Behalf of Plaintiff and all members of the Nevada Class)**
**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

91.     Plaintiff realleges and incorporates by the reference all the paragraphs above in the Complaint as though fully set forth herein.

92.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

93.     NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works."  Hours worked means anytime the employer exercises "control or custody" over an employee.  See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee.").

94.     Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."  NAC 608.115(1).

95.     By failing to compensate Plaintiff and NEVADA CLASS Members for the time spent engaging in the pre-shift and post-shift activities identified above, Defendant failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of NRS 608.140 and 608.016.

96.     As a result of Defendant's rest break policy and practice (as set forth above), Plaintiff and NEVADA CLASS Members were deprived their legally mandated rest breaks and are thus entitled to recover 10 minutes of rest break wages at their regular hourly rate of compensation for every 3.5 hours that they worked.

97.     Wherefore, Plaintiff demands for herself and for all NEVADA CLASS Members that Defendant pay Plaintiff and NEVADA CLASS Members their regular hourly rate of pay for all hours worked (off-the-clock work and unpaid rest break hours) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**COUNT EIGHT**
**(On Behalf of Plaintiff and all members of the Nevada Class)**
**Failure to Pay Wages for All Failure to Pay Overtime Wages in Violation of NRS 608.140**
**and 608.018**

98.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

99.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

100.    NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

101.    By failing to compensate Plaintiffs and NEVADA CLASS Members for the pre-shift and post-shift activities identified above and by failing to include service charges in the regular rate of pay for purposes of calculating overtime. Defendant failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

102.    As a result of Defendant's rest break policy and practice (as set forth above), Plaintiff and NEVADA CLASS Members were deprived their legally mandated rest breaks and are thus entitled to recover 10 minutes of rest break wages at their overtime rate of compensation for every 3.5 hours that they worked.

**Wherefore**, Plaintiffs demand for themselves and for NEVADA CLASS Members that Defendant pay Plaintiff and NEVADA CLASS Members one and one-half times their regular

22

hourly rate of pay for all hours worked (off-the-clock work, service charges, and unpaid rest break hours) in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## **COUNT NINE**
**(On Behalf of Plaintiff and all members of the Nevada Class)**
**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

103.    Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

104.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

105.    NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

106.    NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

107.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

23

108.    By failing to pay Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS for all hours worked in violation of state (off-the-clock and rest break hours) and federal law, at the correct legal rate, Defendant has failed to timely remit all wages due and owing to Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS.

109.    Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff.

## PRAYER FOR RELIEF

**Wherefore** Plaintiff, individually and on behalf of all Class Members alleged herein, pray for relief as follows:

1.    For an order conditionally certifying the action under the FLSA and providing notice to all FLSA CLASS members so they may participate in the lawsuit;

2.    For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure 23 on behalf of all members of the NEVADA CLASS and the WAGES DUE AND OWING SUB-CLASS;

3.    For an order appointing Plaintiff as the Representatives of the Classes and their counsel as Class Counsel for the Classes;

4.    For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

5.    For liquidated damages pursuant to 29 U.S.C. §216(b);

6.    For damages according to proof for minimum wage rate pay under the Nevada Constitution and/or NRS 608.250 for all off-the-clock and rest break hours worked;

7.    For damages according to proof for regular hourly rate pay under NRS 608.140 and 608.016 for all off the clock and rest break hours worked;

8.    For damages according to proof for overtime compensation at the applicable rate under NRS 608.140 and 608.018 for all hours worked for overtime premium pay of one and one-half times their regular rate for all off-the-clock and rest break hours worked in excess of 40 hours per week;

9.    For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

10.    For interest as provided by law at the maximum legal rate;

11.    For reasonable attorneys' fees authorized by statute;

12.    For costs of suit incurred herein;

13.     For pre-judgment and post-judgment interest, as provided by law; and

14.     For such other and further relief as the Court may deem just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY**


RESPECTFULLY SUBMITTED,


FERRY JOSEPH, P.A.

By: /s/ *Brian J. Ferry*
Brian J. Ferry, Esquire (#5748)
1521 Concord Pike, Suite 202
Wilmington, DE 19803
(302) 575-1555
Bferry@ferryjoseph.com


FRADIN LAW, LLC

By: /s/ *Michael L. Fradin*
Michael L. Fradin (*Pro Hac Vice* Forthcoming)
FRADIN LAW, LLC
8 N. Court St., Suite 403
Athens, Ohio 45701
Telephone: (847) 986-5889
Fax: (847) 673-1228
Email: mike@fradinlaw.com


SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (*Pro Hac Vice* Forthcoming)
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com


By: */s/ Leah M. Beligan*
Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**

25

19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881